**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTOPHER LAMAR EDWARDS,

    Plaintiff,

v.                                                  Case No.  6:23-cv-119-WWB-EJK

FNU MCCLAUEY,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's civil rights complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2).

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  Courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include: (1) *Edwards v. Grinnell, et al.*,

5:20-cv-123-Oc-34PRL (dismissed for failure to state a claim); (2) *Edwards v. Grinnell*, 5:20-cv-133-Oc-34PRL (dismissed for failure to state a claim); (3) *Edwards v. Grinnell, et al.*, 5:20-cv-164-CEH-PRL (dismissed for failure to state a claim); and (4) *Edwards v. Warningly, et al.*, 5:20-cv-165-TJC-PRL (dismissed for failure to state a claim).

Plaintiff alleges that on August 10, 2022, Officer McClauley slapped him on the hand causing him injury and that Plaintiff did nothing to warrant the officer's use of force against him. (Doc. 1 at 5). Plaintiff does not allege, however, that he is currently in imminent danger of serious physical injury. Because he has had three prior dismissals that qualify under § 1915(g) and because he has not alleged that he is in imminent danger of serious physical injury, Plaintiff is not entitled to proceed *in forma pauperis* in this action. This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and this case is **DISMISSED without prejudice** to the filing of a new complaint, in a new case, with a new case number, upon the contemporaneous payment of the filing fee. The Clerk is directed to enter judgment accordingly, to terminate any pending motions, and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

3